FILED

17 OCT 18 AM 9:56

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CASTRO,<br><br>Petitioner,<br><br>v.<br><br>SCOTT KERNAN, Secretary,<br><br>Respondent. | Case No.: 3:16-cv-2314-MMA-KSC<br><br>**REPORT AND RECOMMENDATION RE PETITIONER'S WRIT OF HABEAS CORPUS** |

Petitioner Daniel Castro, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging the denial of his motion to suppress the results of a warrantless blood draw. [Doc. No. 1, at p. 6]. The Petition alleges a blood sample was forcibly seized from Petitioner and the fruits thereof should have been suppressed pursuant to the Fourth Amendment. [Doc. No. 1, at p. 6].

This Report and Recommendation is submitted to United States District Judge Michael M. Anello pursuant to 28 U.S.C. § 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. Based on the moving and opposing papers, and for the reasons outlined below, this Court recommends the Petition be **DENIED**.

//

## FACTUAL BACKGROUND

The California Court of Appeal's unpublished opinion sets forth a brief summary of the facts which gave rise to the initial criminal proceedings in this case. [Doc. No. 6-6, at pp. 2-3]. Title 28 U.S.C. § 2254(e)(1) creates a statutory presumption that the state court's findings of facts were correct, and the petitioner bears the burden of disproving these facts by clear and convincing evidence. *Tilcock v. Budge*, 538 F.3d 1138, 1141 (9th Cir. 2008). This Court has conducted an independent review of the trial record and confirmed that the Court of Appeal's factual findings comport with the record. The Court of Appeal found:

> On the night of his arrest, Castro had been drinking at a nightclub in San Diego until about 1:45 a.m. when he left to drive home. Witnesses reported Castro appeared 'really drunk' before he left the nightclub. Several bystanders attempted to stop Castro from driving away by standing in front of his vehicle, and one person even attempted to pull Castro out of the vehicle and take the keys out of the ignition. Despite these efforts, Castro drove away, entered the freeway driving in the opposite direction of traffic, and hit a smaller car head on. The other driver had to be cut out of her car by emergency responders and was severely injured. The collision site spread across every lane of the freeway and was at least 200 feet long.
>
> Officer Vizcarro arrived at the scene of the collision around 2:00 a.m. and saw Castro walking with fire personnel away from his vehicle. Vizcarro approached Castro and observed that he had red watery eyes, was stumbling as he walked, and smelled of alcohol. Vizcarro contacted the police dispatch and learned that Castro was on probation for a previous DUI. Castro submitted to a breathalyzer test and registered a BAC of 0.317 at 2:21 a.m., a 0.342 at 2:23 a.m., and a 0.331 at 2:25 a.m. Castro was arrested and taken to the hospital for minor injuries. At that time, only Vizcarro and his partner were on the scene.
>
> Vizcarro remained at the scene of the accident to direct the investigation and assist with clearing the highway. Once the scene was under control, Vizcarro went to the hospital where Castro had been taken. Vizcarro arrived around 3:00 a.m. and saw trauma nurses assisting Castro. Vizcarro requested a blood technician who arrived around 3:30 a.m. At that time, Castro was sedated and the technician took a blood sample. Castro's BAC was 0.33 percent. After he was

2

released from the hospital, Castro told police he did not remember leaving the club or the collision.

[Doc. No. 6-6, at pp. 2-3].

## **PROCEDURAL BACKGROUND**

Petitioner was convicted in the San Diego County Superior Court after pleading guilty to a violation of California Vehicle Code § 23153(b). [Doc. No. 6-1, at pp. 128-35]. Petitioner also admitted he personally committed great bodily injury to more than one victim, that he drove with a 0.15 or greater blood alcohol concentration, and that he had two prior convictions for driving under the influence. [Doc. No. 6-1, at pp. 128-35]. Prior to entering his guilty plea, Petitioner filed a motion to suppress under California Penal Code § 1538.5 on the asserted ground that the blood alcohol evidence was obtained without a warrant in violation of the Fourth Amendment. [Doc. No. 6-1, at pp. 13-19]. The trial court held an evidentiary hearing and denied the motion to suppress. [Doc. No. 6-2, at pp. 7-80]. Petitioner filed a writ of mandate requesting the denial be set aside and the California Court of Appeal denied the petition. [Case No. D066295; Doc. No. 6-5, at p. 7].

On direct appeal, the Court of Appeal concluded the Superior Court properly denied Petitioner's motion to suppress and affirmed the judgment of conviction. [Case No. D066771; Doc. No. 6-6, at p. 2]. On September 23, 2015, the California Supreme Court denied review. [Doc. No. 6-8, at p. 1]. The Petition in this case was then filed on September 13, 2016. [Doc. No. 1, at p. 1].

## **DISCUSSION**

### I. Standard of Review

Federal habeas corpus relief is available only to those who are in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "[A] mere error of state law is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) (internal quotations omitted).

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA imposes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citations and quotations omitted). Under AEDPA, a habeas petition "on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)&(2). For purposes of § 2254(d)(1), "clearly established Federal law" means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Therefore, a lack of controlling Supreme Court precedent can preclude habeas corpus relief. *Wright v. Van Patten*, 552 U.S. 120, 126 (2008).

The AEDPA standard is highly deferential and "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 100 (2011). For mixed questions of fact and law, federal habeas relief may be granted under the "contrary to" clause of § 2254 if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). The focus of inquiry under the "contrary to" clause is "whether the state court's application of clearly established federal law is objectively unreasonable." *Id.* "[A]n unreasonable application is different from an incorrect one." *Id.* In other words, federal habeas relief cannot be granted simply because a reviewing court concludes based on its own independent judgment that the state court decision is erroneous or incorrect. *Id.* Habeas relief is only available under § 2254(d)(1) "where there is no

possibility fair-minded jurists could disagree that the state court's decision conflicts" with Supreme Court precedents. *Harrington*, 562 U.S. at 101.

Where there is no reasoned decision from the state's highest court, a federal court "looks through" to the "last reasoned state-court opinion" and presumes it provides the basis for the higher court's denial of a claim or claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). If the state court does not provide a reason for its decision, the federal court must conduct an independent review of the record to determine whether the state court's decision is objectively unreasonable. *Crittenden v. Ayers*, 624 F.3d 943, 947 (9th Cir. 2010). To be objectively reasonable, a state court's decision need not specifically cite Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]," the state court's decision will not be "contrary to clearly established Federal law." *Id.*

Here, the California Supreme Court denied the petition for review without comment and therefore the California Court of Appeal's unpublished written opinion constitutes the "last reasoned state-court opinion" in the record. *Ylst*, 501 U.S. at 805-806. This Court will look to the California Court of Appeal's decision when evaluating Petitioner's claim under AEDPA's standards.

## II. Petitioner Is Not Entitled to Federal Habeas Relief On His Fourth Amendment Claim

Petitioner asserts a single claim alleging a warrantless blood sample was forcibly seized from him in violation of the Fourth Amendment to the United States Constitution. "[A] Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court." *Stone v. Powell*, 428 U.S. 465, 481-82 (1976); *see also Newman v. Wengler*, 790 F.3d 876, 878 (9th Cir. 2015) (holding *Stone* survived the passage of the AEDPA). The Ninth Circuit has read *Stone* "as a categorical limitation on the applicability of Fourth Amendment exclusionary rules in habeas corpus proceedings." *Woolery v. Arave*, 8 F.3d 1325, 1328 (9th Cir. 1993). The court reasoned that if a petitioner had a full and fair opportunity to litigate a Fourth

5

Amendment claim in state court, then "enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism." *Id.* at 1326.

To determine if Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim, the only inquiry this Court can make "is whether the petitioner had the opportunity to litigate his claim, not whether he did in fact do so or whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). The Ninth Circuit has expressly held that California's suppression procedures, set forth in California Penal Code § 1538.5, provide an adequate opportunity to litigate a Fourth Amendment claim. *Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990).

Petitioner contends that he did not have a full and fair opportunity because the state courts "reached a conclusion on the merits that clearly is wrong as a matter of federal law." [Doc. No. 1, at p. 14]. Yet, Petitioner's own allegations make clear that he had an opportunity to litigate his Fourth Amendment claim in the state courts and did, indeed, do so as Petitioner moved to suppress under § 1538.5. [Doc. No. 6-1, at pp. 13-19]. The trial court conducted an evidentiary hearing on the motion, during which Petitioner's counsel had an opportunity to cross-examine the state's witness before the trial court denied the motion to suppress. [Doc. No. 6-2, at pp. 7-80]. Petitioner filed a writ of mandate that was denied by the California Court of Appeal. [Case No. D066295; Doc. No. 6-5, at p. 7]. Petitioner also raised the claim on direct appeal to the California Court of Appeal, Fourth Appellate District, which denied the claim in a reasoned decision. [Case No. D066771; Doc. No. 6-8, at p.1]. The claim was finally raised in a petition for review, which the California Supreme Court summarily denied. [Case No. S228590; Doc. No. 6-8, at p.1].

Properly understood, Petitioner's arguments are premised on his assertion that the state court rulings were wrongly decided. Thus, "Petitioner's argument goes not to the fullness and fairness of his opportunity to litigate the claim, but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant." *Siriprongs v. Calderon*, 35

F.3d 1308, 1321 (9th Cir. 1994) (citation omitted); *see also Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977) ("a federal district court may not relitigate a fourth amendment issue tried fully and fairly in a state court, regardless of its view of the correctness of the state decision"). While Petitioner may disagree with the state court rulings, that disagreement does not constitute a basis for habeas relief. Moreover, because his claim was considered in detail by the state courts, *Stone* bars this Court from considering it again on habeas review.

## CONCLUSION

This Court submits this Report and Recommendation to United States District Judge Anello under 28 U.S.C. § 636(b)(1) and Local Civil Rule 7.21(d)(4) of the United States District Court for the Southern District of California. For the reasons outlines above, IT IS HEREBY RECOMMENDED that the Court issue an order (1) approving and adopting this Report and Recommendation, and (2) DENYING the Petition for Writ of Habeas Corpus.

IT IS HEREBY ORDERED THAT no later than **30 days from the issuance of this order,** any party may file written objection with the District Court and serve a copy on all parties. The document should be entitled "Objections to Report and Recommendation."

IT IS FURTHER ORDERED THAT any reply to the objections shall be filed with the District Court and served on all parties no later than **ten days after being served with the objections.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 445 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 16, 2017

Hon. Karen S. Crawford
United States Magistrate Judge